AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>Tiago Lopes De Passos,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) | Case No. 12-8378-WM |

FILED by _____ D.C.

SEP 19 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 16, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) | an alien, having previously been removed and deported from the United States on August 28, 2012, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien reapplying for admission to the United States. |

This criminal complaint is based on these facts:

See attached affidavit of Immigration and Customs Enforcement, Homeland Security Investigations Special Agent Daniel P. Richichi.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Daniel P. Richichi
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __09/19/2012__

_____
*Judge's signature*

City and state: __West Palm Beach, Florida__    U.S. Magistrate Judge William Matthewman
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Daniel P. Richichi, after being duly sworn, declare as follows:

**A.   Introduction and Agent Background**

1. I am a Special Agent with the United States Department of Homeland Security / Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) in West Palm Beach, Florida. I have been employed as an HSI Agent since December 2008, and my duties and responsibilities include conducting alien smuggling and immigration related investigations. Prior to becoming a Special Agent, I was employed as an Officer with the United States Department of Homeland Security / United States Customs and Border Protection for approximately five and a half years and during that time, I conducted numerous criminal investigations involving immigration violations and immigration document and benefit fraud.

2. The statements contained in this affidavit are based upon personal knowledge, as well as information provided by other HSI, U.S. Customs and Border Protection (hereinafter CBP) Office of Air and Marine (hereinafter OAM) agents and Border Patrol (hereinafter BP) agents and United States Coast Guard (hereinafter USCG) officers. I have not included in this Affidavit each and every fact and circumstance known, but only the facts and circumstances that I believe are sufficient to establish probable cause.

**B.   Facts**

3. On September 16, 2012 at approximately 7:26 p.m., CBP OAM Interdiction Agents interdicted a 26' Robalo vessel bearing Florida registration "FL0714NW" approximately two nautical miles east of the Boynton Beach inlet, Florida.

1

The vessel had been identified as transiting the Atlantic Ocean from Freeport, Grand Bahama Island by a CBP OAM aircraft. Upon interdiction, Agents identified eleven individuals onboard the vessel, all of which were Brazilian nationals without documentation to enter the United States.

4. One of these Brazilian nationals was identified as Tiago LOPES DE PASSOS. LOPES DE PASSOS had in his possession a Brazilian passport number FG578280. Queries of several federal indices indicated that LOPES DE PASSOS had been previously deported on August 21, 2012, from the United States to Brazil. LOPES DE PASSOS was transferred to USCG Cutter Bluefin and on September 17, 2012 was subsequently transferred to the USCG Station Lake Worth and then to the Border Patrol Station West Palm Beach.

4. Records contained within LOPES DE PASSOS's Alien file, which is the receptacle for all information maintained by ICE about an alien, revealed that LOPES DE PASSOS is a native and citizen of Brazil, who was ordered, removed from the United States on August 1, 2012. A biometrics comparison revealed a positive match between the individual in custody and the one that had been previously deported by ICE referencing the name Tiago LOPES DE PASSOS and FBI # 318562AC3.

5. On September 17, 2012, Homeland Security Investigations Special Agent (S/A) Jon Longo and S/A Christopher Whitenton interviewed LOPES DE PASSOS, in English, which he was fluent in. After waiving his Miranda Rights, LOPES DE PASSOS stated that he had been previously deported to Brazil.

6. LOPES DE PASSOS stated that on or about September 12, 2012 he flew from Brazil to Panama City, Panama to Nassau, Bahamas and then to Freeport, Bahamas.

While in Freeport, Bahamas, LOPES DE PASSOS paid $1,000.00 and $1,200.00 on separate occasions to an unknown male to be smuggled to the United States. LOPES DE PASSOS stated that once he arrived in the United States he would have to pay an additional unknown amount for the smugglers fees. LOPES DE PASSOS stated he was going to Philadelphia, Pennsylvania because all of his family lived in the United States, and that he was going to work. LOPES DE PASSOS stated that he never attempted to obtain permission to re-enter the United States, and that he knew he could not come back to the United States.

9. Based upon the conduct described herein, there is probable cause to believe that LOPES DE PASSOS violated Title 8, United States Code, Section 1326; Re-Entry of a Removed Alien.

FURTHER AFFIANT SAYETH NAUGHT

Daniel P. Richichi, Special Agent
Homeland Security Investigations

Sworn to before me this 19th day of September, 2012.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-8378-WM

UNITED STATES OF AMERICA

vs.

TIAGO LOPES DE PASSOS,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?    _____ Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?    _____ Yes   _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
Emalyn H. Webber
Assistant United States Attorney
Fla. Bar No. 407501
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Emalyn.Webber@usdoj.gov